GVS Properties IV LLC, Petitioner-Respondent, 
against
Altagracia Marte and Osiris Marte, Respondents-Appellants.




Respondents appeal from an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated March 26, 2019, which granted landlord's cross motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Appeal from order (Kimon C. Thermos, J.), dated March 26, 2019, deemed an appeal from the ensuing final judgment (same court and Judge), entered March 28, 2019, and so considered (see CPLR 5520[c]), final judgment affirmed, without costs.
Respondents, the adult children of the tenant of record, failed to raise any triable issue of fact with respect to their proffered succession defense. The record evidence conclusively established that in 2003, the tenant of record moved to a neighboring building that accepted her Section 8 voucher, but continued to execute (at least eight) renewal leases for the subject apartment through 2016 and continued to pay rent in her name. Thus, although the apartment was no longer tenant's primary residence after 2003, she cannot be found to have "permanently vacated" the apartment prior to the expiration of the last lease renewal on December 31, 2016 (see Matter of Well Done Realty, LLC v Epps, 177 AD3d 427 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 [2012]). Given this chronology, and in the absence of any evidence tending to show that respondents "resided with" the tenant in the subject apartment during the two-year period immediately preceding the tenant's permanent vacatur (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]), respondents' succession claim must fail (see Well Done Realty, LLC v Epps, 177 AD3d at 428; Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533).
Respondents' conclusory allegation that landlord had imputed knowledge that tenant had moved out was insufficient to raise a triable issue that landlord waived the right to contest respondents' occupancy, especially given tenant's continued involvement with the subject premises (see Matter of Well Done Realty, LLC v Epps, supra; 206 W. 104th St. LLC v Zapata, 45 Misc 3d 135[A], 2014 NY Slip Op 51747[U] [App Term, 1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 29, 2020